IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-30 |
| v. | ) | |
| | ) | |
| SARAH JANE DUNCAN, | ) | (VARLAN / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on December 8, 2014, for a hearing on the Defendant's Motion for Release on Conditions [Doc. 32], filed on December 1, 2014, and referred to the undersigned by District Judge Varlan at the Defendant's change of plea hearing on the following day. See 28 U.S.C. § 636(b). Assistant United States Attorney Jennifer Kolman appeared on behalf of the Government. Assistant Federal Defender Paula R. Voss represented the Defendant, who was also present.

A person's release or detention pending sentencing is governed by 18 U.S.C. § 3143(a), which requires that a person awaiting sentencing be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" This Court initially found that the Defendant qualified for release on conditions [Doc. 7] at her initial appearance in this case. On October 31, 2014, an Amended Petition for Action on

Conditions of Pretrial Release [Doc. 23] was filed, alleging that the Defendant tested positive for Oxycodone and Hydrocodone and had moved without notifying her supervising probation officer. The Defendant appeared before the undersigned on November 3 and agreed with the allegations in the Petition. The Court revoked her release at that time and ordered [Doc. 29] that she be detained. The Defendant entered a change of plea before the District Judge on December 2, 2014, and is scheduled to be sentenced on April 1, 2015. The Defendant now asks to be released once more on conditions, arguing that she may be detained longer than the top of her guideline range prior to her sentencing hearing, if she remains in custody.

At the December 8 hearing, defense counsel proffered that the Defendant could live with her ex-husband or with her mother and brother in Morristown, Tennessee. She stated that if released, the Defendant could care for her three children, one of whom is disabled, and obtain employment as a certified nursing assistant. The Court heard the arguments of counsel and took the motion under advisement while the probation officer investigated the possible living arrangements proffered by the Defendant.

The parties appeared before the Court again on December 17, 2014. Based upon the supplemental report by the probation officer, the Court ordered that the Defendant be released on conditions, including that she reside with her ex-husband in Vonore, Tennessee; that she have no contact with her codefendant Amber Thomas; that she participate in substance abuse treatment and mental health treatment as directed by her probation officer; and that she immediately report any new prescriptions to her probation officer. The Court finds by clear and convincing evidence that these conditions will

2

Case 3:14-cr-00030-TAV-HBG   Document 43   Filed 12/19/14   Page 2 of 3   PageID #: 127

assure the Defendant's appearance as required and the safety of the community and others. See 18 U.S.C. § 3143(a)(1). Accordingly, the Defendant's Motion for Release on Conditions [**Doc. 32**] is **GRANTED**, and the Defendant is released pursuant to the conditions imposed by this Court at the December 17 hearing.

    **IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

3

Case 3:14-cr-00030-TAV-HBG   Document 43   Filed 12/19/14   Page 3 of 3   PageID #: 128